**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GARY LEE PETERS,

        Petitioner,           Case Number: 06-CV-12390

v.                               HON. BERNARD A. FRIEDMAN

H. WOLFENBARGER,

        Respondent.
_____/

**OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION**
**FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

Petitioner Gary Lee Peters is currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, pursuant to a first-degree murder conviction. Petitioner has filed a "Motion for Certificate of Issues to the Michigan Supreme Court."

Petitioner's Motion seeks certification of three issues to the Michigan Supreme Court under Local Rule 83.40(A) of the Local Rules for the Eastern District of Michigan which states, in relevant part:

> Upon motion or after a hearing ordered by the Judge *sua sponte*, the Judge may certify an issue for decision to the highest Court of the State whose law governs its disposition.

L.R. 83.40(A). The questions for which Petitioner seeks certification to the Michigan Supreme Court all address the constitutionality of Petitioner's first-degree murder conviction. Thus, while Petitioner does not specifically cite 28 U.S.C. § 2254, his pleading clearly challenges the constitutionality of his state court conviction, and, therefore, is properly construed as seeking habeas corpus relief under 28 U.S.C. § 2254.

Petitioner already has filed a petition for a writ of habeas corpus challenging the first-degree murder conviction challenged in the present petition.  28 U.S.C. § 2244(b)(3)(A) provides, in pertinent part:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

Petitioner's prior habeas petition was dismissed with prejudice.  *See* Peters v. Johnson, No. 95-cv-00505 (W.D. Mich. Dec. 12, 1996).  Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court.  The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."  In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).  The Court must transfer the petition regardless of the apparent merits of the claim presented because the Court lacks jurisdiction to consider a successive habeas petition when prior authorization for filing the successive petition has not been obtained from the Court of Appeals.  Id.

Accordingly, it is **ORDERED** that the Clerk shall **TRANSFER** the petition to the United States Court of Appeals for the Sixth Circuit.

      s/Bernard A. Friedman
      BERNARD A. FRIEDMAN
      CHIEF UNITED STATES DISTRICT JUDGE

DATED:    June 12, 2006